MAY STARR, Appellant, v. MORRIS C. STARR, Respondent.— Order modifying judgment of divorce by reducing the alimony from $160 to $100 a month affirmed on the law and the facts, without costs. Order punishing defendant for contempt, in so far as appealed from, affirmed on the law and the facts, without costs. No opinion. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

SWIFT OIL CORPORATION, Respondent, v. GLEN COVE ESTATES, INC., and Others, Appellants.— In an action to impress a trust for the benefit of plaintiff as a consequence of the breach of a fiduciary relationship existing between it and the defendants, judgment in favor of plaintiff and order denying defendants' motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

TOWN OF OYSTER BAY, Appellant, v. ROBERT MOSES and Others, Respondents. — Order striking case from the Special Term calendar affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

UNITED APPRAISAL COMPANY, INC., Appellant, v. CONCETTINA FUCA and Another, Respondents, and PIETRO ALIZIO, Defendant.—Action brought to quiet title and for injunctive relief and damages, in which defendants Fuca and Curta interposed an answer denying the allegations of the complaint and setting up, by way of counterclaim, that the contract between the parties did not express the true intention of the parties and should be reformed, and where, upon the trial, the court dismissed plaintiff's cause of action on the merits and gave judgment in favor of the defendants, after reforming the contract in question in certain particulars. Judgment unanimously affirmed, with costs. We are of the opinion that the result reached by the trial justice was just and fair to the parties and may be upheld on the ground that the plaintiff breached its contract as reformed by the court by failing to pay the balance of the purchase price evidenced by the promissory note for $1,500, and that, by reason of such breach, the defendants were entitled to the return of the deed held in escrow and for an accounting of the rents and profits received by the plaintiff while in possession of the said premises. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

ABBY H. VAIL, Appellant, v. PEARL G. LEE and Another, Respondents. (Action No. 2.) — Action for specific performance. Amended judgment dismissing plaintiff's complaint on the merits and also dismissing defendants' counterclaim unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.